IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANITA COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 18-0325-MU |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Danita Coleman brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for Supplemental Security Income ("SSI"), based on disability. (Doc. 1). The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 17 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 19. Upon consideration of the administrative record, Coleman's brief, and the Commissioner's brief,[2] it is

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.
[2] The parties elected to waive oral argument. *See* Docs. 18, 20.

1

determined that the Commissioner's decision denying benefits should be affirmed.[3]

## I. PROCEDURAL HISTORY

Coleman applied for SSI, based on disability, under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383d, on May 4, 2015. (Tr. 176). Her application was denied at the initial level of administrative review on August 4, 2015. (Tr. 80-84). On August 25, 2015, Coleman requested a hearing by an Administrative Law Judge (ALJ). (Tr. 85). After a hearing was held on June 28, 2017, the ALJ issued an unfavorable decision finding that Coleman was not under a disability from the date the application was filed through the date of the decision, October 19, 2017. (Tr. 12-29). Coleman appealed the ALJ's decision to the Appeals Council, which denied her request for review of the ALJ's decision on June 29, 2018. (Tr. 1-4). After exhausting her administrative remedies, Coleman sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. 1). The Commissioner filed an answer and the social security transcript on October 18, 2018. (Docs. 11, 12). Both parties have filed briefs setting forth their respective positions. (Docs. 14, 15). The case is now ripe for decision.

## II. CLAIMS ON APPEAL

---

[3] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 17 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

Coleman alleges that the ALJ's decision to deny her benefits is in error for the following reasons:

1. The ALJ erred in relying on the opinions of two consultative examiners whose examinations were remote in time; and

2. The ALJ erred by not finding "Major Depressive Disorder" to be a severe impairment.

(Doc. 14 at p. 1).

### III. BACKGROUND FACTS

Coleman was born on May 2, 1966 and was 49 years old at the time she filed her claim for benefits. (Tr. 196). Coleman initially alleged disability due to psychosis schizophrenia, arthritis, and depression, with an onset date of November 1, 2014. (Tr. 196, 205). Coleman graduated from high school in 1984 and did not attend special education classes. (Tr. 37, 207). The only employment she has had was as a cashier in a convenience store in 1995-96. (Tr. 37, 191). At the hearing before the ALJ, Coleman also testified that she has diabetes, hypertension, and a cyst in her left wrist. (Tr. 52-53). Coleman claims that she is unable to work due to both her physical and mental conditions.

### IV. ALJ'S DECISION

After conducting a hearing on this matter, the ALJ made a determination that Coleman had not been under a disability during the relevant time period, and thus, was not entitled to benefits. (Tr. 28). The ALJ findings set forth in her October 24, 2017 decision that are relevant to the claims on appeal are set forth below.

## V. DISCUSSION

Eligibility for SSI benefits requires that the claimant be disabled. 42 U.S.C. § 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does

so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted). "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As set forth above, Coleman has asserted two grounds in support of her argument that the Commissioner's decision to deny her benefits is in error. The Court will address these grounds in the reverse order of that presented by Coleman.

A. **Whether ALJ erred by not finding "Major Depressive Disorder" to be a severe impairment**

Coleman argues that the ALJ erred in finding "affective disorder" to be a severe impairment in lieu of "major depressive disorder." (Doc. 14 at pp. 7-8). She bases her argument on the grounds that several physicians diagnosed her with major depressive disorder or major depressive disorder with psychotic features, but only Dr. Hinton, the psychologist who completed a Psychiatric Review Technique (PRT) form on August 3, 2015, diagnosed her with affective disorder. (*Id*). However, Coleman does not explain how this designation of her disorder by the ALJ negatively affected her disability determination.

The Commissioner contends that "affective disorder" is an umbrella term that encompasses a group of psychiatric disorders, including depressive disorder. (Doc. 15 at pp. 2-3). The Court's review of a number of sources, including Dictionary.com, Mayoclinic.com, healthline.com, and the Encyclopaedia Britannica, confirms that the term "affective disorder" does indeed encompass "major depressive disorder," with and without psychotic symptoms. For example, the Encyclopaedia Britannica defines "affective disorder" as a "mental disorder characterized by dramatic changes or extremes of mood. Affective disorders may include … depressive (dejected mood with disinterest in life, sleep disturbance, agitation, and feelings of worthlessness or guilt) episodes…. Persons with an affective disorder may or may not have psychotic symptoms such as delusions, hallucinations, or other loss of contact with reality." *Affective Disorder*, Encyclopaedia Britannica, https://www.britannica.com/science/affective-disorder.

The Court finds that the ALJ's finding of affective disorder as a severe impairment encompassed the totality of Coleman's mental disorders. A review of

the ALJ's decision reveals that the ALJ considered all of the diagnoses and any limitations attributable to these diagnoses in determining Coleman's RFC. (Tr. 24-27). Therefore, the Court concludes that the ALJ did not err in this regard.

**B. Whether ALJ erred in relying on the opinions of two consultative examiners**

Coleman claims that the ALJ erred by considering the opinions of Dr. Richard Rex Harris and Dr. Nina E. Tocci because they were rendered more than three years prior to the alleged date of onset. (Doc. 14 at p. 7). She also alleges that the ALJ erred by giving substantial weight to the opinion of Dr. Donald E. Hinton because his opinion was based on evidence that was not included in the record. (*Id*. at p. 6). However, Coleman did not show how these opinions differed from later opinions in an appreciable way or how they negatively affected the ALJ's RFC assessment. The Commissioner notes that the ALJ did not base her decision on any single opinion, but rather, she considered the full record and a variety of factors in assessing Coleman's RFC. (Doc. 15 at p. 4; Tr. 27 ("In sum, the above residual functional capacity assessment is supported by the records of evidence. All records were taken into consideration in forming the residual functional capacity assessment.")).

In addition, as pointed out by the Commissioner, the ALJ acknowledged that the reason for reviewing the prior data provided by Dr. Harris and by Dr. Tocci was to provide some context for Coleman's current application. (Tr. 17). With regard to Dr. Hinton, contrary to Coleman's assertion, Dr. Coleman did not rely on any records from Russell Medical Center as his report reflects that "no evidence" was received from that entity. (Tr. 58). With regard to the medical

records dated from March to April of 2015 from West Alabama Mental Health, Coleman is correct that those treatment records, while apparently received by the agency, are not contained in the record. However, other evidence in the record shows that she was treated there on those dates, *see, e.g.,* Tr. 294 & 535, and the record reflects that the only information Dr. Hinton gleaned from those records was that she had been diagnosed with recurrent major depressive disorder with psychotic features and had been prescribed Abilify and Celexa. (Tr. 61). That information was also reflected in medical reports that are contained in the record. (Tr. 351-617). The ALJ noted that Dr. Hinton's assessment would have to be revisited in light of updated evidence. (Tr. 19).

It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL

1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

A review of the entire record in this case reveals that the ALJ was presented with multiple opinions and medical records that indicated Coleman's mental functional limitations. In this case, the ALJ discussed the medical evidence in detail, including the weight accorded to the medical opinion evidence and the grounds therefor. (Tr. 18-20, 22-27). The ALJ also described the information provided by Coleman in her Function Report and at the hearing concerning her limitations and activities, as well as the information provided in a Function Report completed by Coleman's mother, and she explained her reasons for finding that the reports provided by Coleman and her mother were not entirely credible. (Tr. 17, 20-21). Having reviewed the evidence and considered the arguments made by Coleman and being mindful of the admonishment that the reviewing court may not reweigh the evidence or substitute its judgment for that of the Commissioner, the Court finds that the RFC assessment made by the ALJ was supported by substantial evidence.

Even assuming that the ALJ erred in her consideration of the reports from Drs. Harris, Tocci, and Hinton, the Court finds that such error was harmless here where substantial evidence clearly supports the ALJ's RFC finding that Coleman has the RFC to perform light work with the mental limitations that the work be simple and repetitive tasks, working with things not people, no teams, her own workstation, no more than occasional interaction with coworkers, supervisors, and the public, and no public service or customer service work. *See Caldwell v.*

*Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (holding that when "an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand"); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (holding that "although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless").

## CONCLUSION

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. The Court finds that the ALJ's Decision that Coleman is not entitled to benefits is supported by substantial evidence and based on proper legal standards. Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **20th** day of **September, 2019**.

s/P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**